UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LORRI CONN,

        Plaintiff,

vs.                                      Case No.  3:07-cv-671-J-MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Petition for Award of Attorney

Fees Under the Equal Access to Justice Act (Doc. 19) filed March 20, 2008.  Plaintiff

certifies the Commissioner has no objection to the amount sought by Plaintiff's counsel,

however, the Commissioner does object to the request that the Court order payment of

the EAJA fee directly to Plaintiff's counsel.  (Doc. 19, ¶10).  This Petition follows the

entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor

with respect to Plaintiff's claim for benefits.  (Doc. 18).

## A.  Eligibility for Award of Fees

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party

may recover an award of attorney's fees against the government provided the party

meets five requirements: (1) the party seeking the award is the prevailing party; (2) the

application for such fees, including an itemized justification for the amount sought, is

timely filed; (3) the claimant has a net worth of less than $2 million at the time the

Complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

      1. Prevailing Party

      The Judgment in this case (Doc. 18), filed on February 29, 2008, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party. Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

      2. Timely Application

      A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff then has thirty days in which to file his or her application so that an application is timely filed if done so prior to ninety days after the judgment is entered. See Shalala, 509 U.S. at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996). Here, the Judgment was entered on February 29, 2008 and the Petition was filed on March 20, 2008, twenty days later.  As the Commissioner does not object to Plaintiff

seeking fees, the fact that the judgment had not officially become final is of no consequence and the Petition was timely filed.

### 3. Claimant's Net Worth

There is no contention that Plaintiff's net worth was in excess of $2 million at the time the Complaint was filed and thus, the Court finds Plaintiff's net worth was less than $2 million.

### 4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of her position as a whole.  See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997).  Therefore, unless the Commissioner comes forth and satisfies her burden, the government's position will be deemed not substantially justified.  In this case, the Commissioner does not dispute the issue of substantial justification, and accordingly, the Court finds her position was not substantially justified.

### 5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust.

**B. Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under EAJA, we now turn to the reasonableness of the amount of fees sought.  Plaintiff requests an award of $3,359.37 in attorney's fees, representing 21.5 hours at an hourly rate of $156.25. (Doc. 19).  Plaintiff also seeks $350.00 (the amount of the filing fee) in costs.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).  The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate.  Because the Commissioner does not oppose Plaintiff's proposed hourly rate of $156.25, the Court will adopt that rate. The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. §406(b)(1).  There is no contention here that the claimed fee would exceed that amount.

The Plaintiff seeks an award based on 21.5 hours of attorney time.  The Court believes 21.5 hours of attorney time is reasonable in this case.  Therefore, the Court finds $3,359.37 ($156.25. x 21.5 hours) is a reasonable fee in this case.  Moreover, Plaintiff will be awarded $350.00 in costs.

## C.  Payment of Fees Directly to Counsel

The Court must now determine whether to order the payment of the EAJA fee directly to Plaintiff or to counsel for Plaintiff as requested in the Petition.  The Commissioner objects to the payment of the fee directly to counsel.  Commissioner acknowledges that his position with respect to the payment of EAJA fees directly to counsel for Plaintiff is a change from past practice.  (Doc. 20).  The Commissioner now argues the "prevailing party" language in the EAJA statute dictates that the fee be paid directly to Plaintiff rather than the attorney.  To support this contention, the Commissioner cites the Eleventh Circuit decision, <u>Panola Land Buying Association v. Clark</u>, 844 F.2d 1506 (11th Cir. 1988), in which the court noted: "[i]t is readily apparent

that the party eligible to recover attorney's fees under the EAJA as part of its litigation expenses is the prevailing party." Id. at 1509-10 and Doc. 20, p.3. The Commissioner also cites Reeves v. Barnhart, 473 F. Supp. 2d 1173 (M.D. Ala. 2007) in which an EAJA award was awarded to the prevailing party rather than the attorney. (Doc. 20, p.4). The Commissioner points out that the Reeves decision is presently on appeal to the Eleventh Circuit.[1] Id. Plaintiff, on the other hand, directs the Court's attention to three unpublished cases (two from the Northern District of Alabama and one from the Middle District in Florida) in which courts determined that despite the holdings in Panola and Reeves, an EAJA fee is properly paid directly to the attorney for the plaintiff.[2]

In the three unpublished decisions provided by Plaintiff, the courts each conducted an analysis of the EAJA statute and its legislative history to determine that EAJA fees may be paid directly to counsel for Plaintiff. However, as noted above, the Eleventh Circuit issued its decision in the Reeves case and has now firmly answered the question at issue in this case. In Reeves, the court set out to determine to whom EAJA fees are payable and concluded: "the statute's explicit reference to the 'prevailing party' unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney." Id. The court found the "prevailing party" language to be "so clear," it could not utilize the legislative history of the statute or any policy-based arguments regarding EAJA to override the unambiguous text. The Reeves

---

[1] Indeed, while the undersigned was conducting research into this issue, the Eleventh Circuit issued its decision in the Reeves case. See Reeves v. Astrue, No. 07-11404, 2008 WL 1930587 (11th Cir. May 5, 2008).

[2] Smith v. Astrue, No. 06-J-2052 (N.D. Ala. Nov. 2, 2007); Hines v. Astrue, 3:05-cv-2416 (N.D. Ala. Dec. 11, 2007); and Hagman v. Astrue, 5:06-cv-198, 2007 WL 5126828 (M.D. Fla. Dec. 27, 2007).

court considered many of the arguments advanced by Plaintiff in the instant case and which this Court found persuasive.  Specifically, the <u>Reeves</u> court referenced the plaintiff's argument that a holding awarding fees only to the plaintiff (and therefore subjecting the fees to possible offset) would run afoul of Congress's purpose in enacting EAJA - namely, its

> "concern that persons 'may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights.'"

<u>Id.</u> (quoting <u>Sullivan v. Hudson</u>, 490 U.S. 877, 883, 109 S.Ct. 2248, 2253 (1989) (in turn quoting Equal Access to Justice Act, Pub.L. No. 96-481, § 202, 94 Stat. 2325 (1980) (codified at 5 U.S.C. § 504 note,"Congressional Findings and Purpose")).  In rejecting this argument, the court acknowledged a "risk that individuals who owe debts subject to offset by the government may ultimately have a more difficult time paying the bill for litigation."  <u>Id.</u>  However, despite this risk, the court determined it could not "use Congress's general statements of findings and purpose to override the plain meaning of specific provisions of the Act."  <u>Id.</u>  In sum, the <u>Reeves</u> court's analysis began and ended with the statute itself and ultimately determined: "[t]he EAJA means what it says, attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney."  <u>Id.</u>

As such, the undersigned is compelled to hold that the EAJA fees awarded today are payable to Plaintiff, rather than to his attorney.

**D.  Additional Fees for Litigating Fee Award**

Counsel for Plaintiff asks the Court to award an additional five hours for the time spent responding to the Commissioner's position on the payment of the EAJA fees directly to counsel.  In support of this request, Plaintiff cites Commissioner, I.N.S. v. Jean, 496 U.S. 154, 110 S.Ct. 2316 (1990).  In Jean, the Supreme Court concluded that an attorney could seek fees for time spent litigating the EAJA fee issue without a separate finding of "substantial justification."  496 U.S. at 165, 110 S.Ct. at 2322-23. The Court stated: "[t]he purpose and legislative history of the statute reinforce our conclusion that Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute."  496 U.S. at 166, 110 S.Ct. at 2323. As such, and because of the Commissioner's recent change in position regarding the payment of EAJA fees directly to counsel, the undersigned believes counsel for Plaintiff is entitled to an additional five hours for the time spent researching the issue of whether EAJA fees are payable to an attorney.  Therefore, the Court will award an additional $781.25 ($156.25 x 5) in fees for a total award of $4,140.62 ($3,359.37 + $781.25) in attorney's fees plus $350.00 in costs.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1.      Plaintiff's Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. 16) is **GRANTED**.

2.      The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $4,140.62 in attorney's fees and $350.00 costs for a total award of $4,490.62.

3.     Plaintiff's request for the fees to be payable to counsel for Plaintiff is

**DENIED**.  The EAJA fees awarded in this case shall be paid to Plaintiff.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __14th__ day of

May, 2008.

*Monte C. Richardson*
_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record